## WILLIAMS v. CUNNINGHAM.

1. LIENS. *On future property: Contract for.*

When the parties to a written instrument intend thereby to create a positive lien upon property, although it be personal property not then in existence, such lien will attach in equity as a charge upon the particular property as against the contractor, and all persons claiming it under him, either voluntarily or with notice by record, as soon as his title to it is acquired.

2. SAME: *Same.*

A written agreement for the sale of a tract of land, after describing the land and stating the terms of the sale, recites that the plaintiff, who was the vendor, to secure the payment of a note given for the purchase money, "reserves to himself a lien on all crops to be grown on said premises" during the year in which the note was payable. The agreement was acknowledged and recorded. Subsequently the vendee of the land mortgaged a crop produced on it during the year specified in the contract to the defendant, who converted it to his own use. HELD: That the plaintiff had an equitable lien on the crop, and the defendant was liable to him for its value to the extent of his debt.

APPEAL from *Lincoln* Circuit Court in Chancery.

JOHN A. WILLIAMS, Judge.

J. M. Cunningham brought this suit against Robert Williams and Caswell Bunting to recover the amount of a promissory note executed by Bunting, and to enforce a lien on 5300

pounds of seed cotton, which it is alleged defendant, Williams, converted to his own use, with knowledge of the lien.   The plaintiff alleges that he sold Bunting eighty acres of land on the 18th day of December, 1885, and for the purchase money took Bunting's three notes for $166.66 each, due in one, two and three years from date; that one note was due, except $50 paid, in February, 1887; that under the contract by which the sale was made he had a lien on all the crops grown upon said land during the year 1886, to secure the payment of said note; that the contract was filed for record on the 2d day of January, 1886, and was duly recorded on the 7th day of April, 1886; that Bunting raised 5300 pounds of seed cotton on the land in 1886, worth $131, and that defendant, Robert Williams, took possession of said cotton and converted it to his own use, knowing plaintiff's rights in the premises.   The prayer of the complaint is for judgment against Williams for the proceeds of the cotton, to secure the payment of the balance due on the note.   The contract between Cunningham and Bunting, dated December 18, 1885, is exhibited with the complaint.   It provides that, "Whereas, the said first party agrees to sell to the said second party the following described land in Lincoln County, Arkansas, to-wit:   The north half of the northeast quarter of section one (1), in township eight (8), south of range seven (7) west, and has this day let said second party into possession of said premises; in consideration of which the said second party has executed to first party his three several promissory notes for the sum of one hundred and sixty-six and 66-100 dollars each, the first of which is to become due in one year, with interest, etc.   *   *   *   And, to secure the payment of said notes, the said first party reserves to himself a lien on all crops to be grown on said premises during the year in which the same becomes due."

Williams demurred to the complaint, and also answered it. In his answer he states that he "knows nothing about the plaintiff's contract" with Bunting, except as stated in the

complaint; that Bunting executed a mortgage to him on all his crops to be raised on the said land for the year 1886; that said mortgage, dated June 23, 1886, was duly recorded, etc., and that he received under it, in payment for supplies furnished Bunting, cotton, which he disposed of for the sum of $103. The answer then denies that the plaintiff has a "landlord's lien" on the cotton, or a mortgage superior to the lien of defendant.

The court overruled the demurrer, and the case having been heard on the complaint, answer and exhibits, the court declared the contract between the plaintiff and Bunting to be a mortgage on said cotton, and rendered judgment against Williams for the sum of $128.35, being $25.35 more than he received for the cotton. He appealed.

*M. L. Bell*, for appellant.

1. The written contract was not a mortgage. *Jones on Ch. Mort., secs. 1, 2 and 3; 31 Ark., 557; Jones on Ch. Mort., sec. 11; 7 Ark., 253; Jones on Mort., sec. 9.* The reservation of a lien for purchase money is not a mortgage. See *supra.*

2. The judgment is excessive—it could not possibly have been for more than $103.

*J. M. Cunningham, pro se.*

The instrument is a mortgage, being evidently so intended. *Jones Chat. Mortg., 13; 33 Ark., 387; ib., 795; 65 N. Y., 465; 16 Iowa, 422; 8 West. Rep., 716; 58 Mo., 56; 60 id., 505; 32 Cal., 376; 20 N. W. Rep., 161; 3 N. Eng. Rep., 397; 39 Ark., 567.*

PER CURIAM. It is the result of all the authorities, that wherever the parties by their contract intend to create a positive lien or charge, either upon real or personal property, whether then owned by the assignor or contractor or not, or if personal property, whether it is then *in esse*, it attaches in equity as a lien or charge upon the particular property, as soon as the assignor or contractor acquires a title thereto, against the latter,

1. LIENS: On future property.

and all persons asserting a claim thereto, under him, either voluntarily, or with notice by record. *Jones on Chattel Mortgages, sec. 173; Mitchell v. Winslow, 2 Story, 630; Bell v. Pelt, 51 Ark., 433.*

2. SAME.    There was no evidence as to the value of the mortgaged cotton received by appellant; but he alleged in his answer that he had received therefor $103.   It is evident that Cunningham lost the benefit of his lien on the cotton through the appropriation thereof by Williams to his own use.   The court should have rendered judgment for the $103, and interest thereon from the date of the filing of the complaint at the rate of 6 per cent. per annum.

The decree to that extent will be modified.

COCKRILL, C. J., did not sit in this case.