Mansfield, J. This suit was brought to foreclose a mortgage of lands executed to the plaintiffs, Draughon and Allen Brothers, by the defendant, John B. Nix, on the 4th day of September, 1880. The complaint sets out in full the mortgage deed ; and the latter contains a recital to the effect that Nix had, on the day the mortgage bears date and for the consideration of $350, “cash in hand paid,” conveyed to the plaintiffs by deed, “with full covenants of warranty and seisin,” certain town lots, describing them ; that, on the same day and by like deed, Nix and W. H. Cayce had, for the sum of $600, conveyed to the plaintiffs certain other lots, describing them; and that the title to all said lots was the subject of controversy in a suit in equity then pending in the circuit court of the United States for' the eastern district of Arkansas, in which Nix was the plaintiff and one Thomas Allen was the defendant. After reciting these facts, the condition of the mortgage provided that it should be void if said suit should “ finally be determined ” in favor of Nix, so that it should be adjudged that he was the owner in fee simple of the lots sold to the plaintiffs-; but that it should otherwise “ remain in full force and effect ” for the purpose of securing to the plaintiffs “ the full repayment of the sums paid by them ” for the lots, “ whenever, by the judgment and decision of said court,” it should be “ determined and decided ” that Nix should not recover the lots, but that they were the property “ of said Thomas Allen or any other person claiming adversely ” to Nix. The complaint alleges that said cause of Nix against Thomas Allen was taken by appeal to the Supreme Court of the United States, where, on the 3d day of November, 1884, it was finally determined by the judgment of that court that the lots so conveyed to the plaintiffs were not the property of Nix, but were the property of some other person claiming adversely to him. The complaint further alleges that no part of either of said sums has been paid, and prays judgment foreclosing the mortgage. Nix filed an answer in which he states that the “ mortgage was given as conditional indemnity and guaranty against the happening of a future contingency, and not to secure * * * an ascertained sum of money or debt;” that each of the covenants in the deeds conveying the lots was broken on the 13th day of April, 1881, and that no suit had been brought for such breaches; that, by failing to bring such suit, the plaintiffs have been guilty of gross negligence, whereby the right of action on the mortgage has been lost. The defendant further states that the plaintiffs took possession of the town lots after the conveyances made to them, and that they have ever since had uninterrupted possession of the same, “ enjoying the rents and profits.” He also pleads the statute of limitations, and, by way of demurrer reserved in the answer, objects to the sufficiency of the complaint. The defendant also filed a cross-complaint, setting up in substance the same matters contained in his answer, and praying that the plaintiffs be enjoined from prosecuting their action, and that the mortgage be declared void. A demurrer was sustained to the answer and cross-complaint, and, Nix declining to plead further, a judgment was entered condemning the land to sale for the satisfaction of the plaintiffs’ demand. No personal judgment against the defendant was rendered. 1. Mortgage Guaranty- x. Note—parolevidenee Appellant’s counsel contends that the parol evidence should have been excluded because it qualified-and varied the terms of the written instrument. There is conflict of authority on the question of the admissibility of parol testimony to show that a joint maker of a promissory note signed only as surety. It is well settled that parol evidence is not .admissible to alter or controvert the terms of a written contract. But “such proof does not controvert the terms of the contract, but is simply proving a fact outside of, and beyond, such terms.” “It is a collateral fact to the contract and no part of it.” “The parties still remain bound by the same instrument and in the same manner.” Brandt on Suretyship, sec. 17; Carpenter v. King, 9 Met., 511; Harris v. Brooks, 21 Pick., 195 ; Ward v. Stout, 32 Ill., 399. The weight of authority and reason is that such testimony is admissible. Stillwell v. Aaron, 69 Mo., 539; 1 Glf. Ev., secs. 303-4; Hubbard v. Gurney, 64 N. Y., 461. I. There is nothing in the terms of the mortgage con tract or in the subject matter of its stipulations to support the contention of the appellant that it creates only a collateral liability. He was primarily liable for breaches of the covenants contained in both of the deeds executed for the conveyance of the town lots. And the mortgage is not an undertaking to pay the debt or perform the agreement of a third person. He does not as mortgagor stand in the attitude of a surety for the performance of his own covenants as vendor of the lots. And the mere neglect of the plaintiffs to sue upon such covenants could not therefore under any circumstances release or discharge him from the obligation imposed by the mortgage. 2 L!quidated images. II. But it is insisted that no action can be maintained on the mortgage until the damages resulting from the failure 0f Nix’s title shall have been ascertained in a separate action on the covenants contained in the deeds for the lots. If it were conceded that the mortgage was given, not to secure the exact sums it specifies, but to provide for the payment of such damages, not exceeding the amount of both sums, as might actually result from the loss of the title to the lots, this in our opinion would create no necessity for two suits between these parties—one to ascertain the sum recoverable, and the other to enforce a lien for its payment. But we are unable to adopt the construction given to the mortgage contract by appellant’s counsel. The instrument is free from ambiguity, and its terms import —what the facts it recites plainly indicate—that it was executed for the two-fold purpose of liquidating and securing the payment of the damages which it was conceded would ensue from a failure of the title to the lots. When damages are thus liquidated by the stipulation of the parties to a contract, the sum fixed becomes, “on the happening of the event on which its payment depends, the precise sum to be recovered,” and constitutes an actual debt. I Sutherland on Damages, 475-478; Beale v. Hayes, 5 Sand lord, 644; Holmes v. Holmes, 12 Barbour, 137; Bradshaw v. Craycraft, 3 J. J. Marshall, 77. No assessment of damages was therefore necessary in order to ascertain the amount for which the plaintiffs were entitled to enforce the lien of the mortgage. ?j. Mortgage foreclosure III. As ground of demurrer to the complaint, it is stated that no eviction of the plaintiffs from the town lots is alleged, and that no offer is made to restore possession or to account for rents and profits. It was not necessary that the plaintiffs should suffer an eviction in order to give them a cause of action on the mortgage. That instrument is conditioned for the payment of a sum of money upon the happening of a different contingency. But the sum it secures was the consideration paid for the lots, and this would ordinarily be taken as prima facie evidence of the actual damages resulting from a breach of the covenant for seizin. Rawle on Cov. Tit., sec. 164. And, for aught that appears to the contrary, the parties may have intended that a decision adverse to Nix’s title in his suit against Thomas Allen should be treated as equivalent in its consequences to an eviction. However that may have been, it was obviously the intention of the parties that such decision should be regarded as conclusive evidence that Nix’s title, had failed ; and it is equally plain that they intended that the sums secured by this mortgage should represent the damages resulting from such failure.. The authorities cited above show that the amount thus fixed by agreement can be neither increased nor diminished by proving the damages actually sustained. It is true that where the possession of a vendee suing for breach of covenant for seisin has ripened into a title under the statute of limitations, he can usually recover only nominal damages. Pate v. Mitchell, 23 Ark., 590. But this rule could not benefit the defendant in this case, for the reason just stated. And if the law as to liquidated damages were otherwise, there is nothing in this record from which it may be inferred that the plaintiffs have held suc'i possession as to invest them with title. Nor is there any averment in the answer that Nix was ever in the actual possession of the lots; nor does he allege with any directness or certainty that the plaintiffs took possession under his conveyances. He was not the owner of the property, and the plaintiffs were not accountable to him for rents. i. When suit finally determinedIV. To bar an action to foreclose a mortgage of real estate, under the statute of limitations in force prior to the act of 1887, seven years adverse possession against the mortgagee was necessary. Coldclough v. Johnson, 34 Ark., 312; Ringo v. Woodruff, 43 id., 469-504. No such possession for any period is alleged in the defendant’s pleadings. The act of 1887 provides that, in a proceeding to foreclose a mortgage, it shall be a sufficient defense that the suit has not been brought within the period of limitation prescribed for an action to recover the debt, for the security of which the mortgage is given. ‘Acts 1887, p. 196. Whether this act applies to all causes of action existing at the time of its passage, it is not necessary to decide in this case. The plaintiffs’ suit is upon a writing under seal. But, whether the debt be regarded as one due upon a sealed or unsealed instrument, the period between the time of its maturity and the commencement of this suit is not sufficient to bar the action under either the act of 1887 or the statute previously in force. The suit of Nix v. Allen was determined in the Supreme Court of the United States on the 2d day of November, 1884, and we think the prosecution of the-appeal to that court, which, it appears, was taken by Nix,, must be regarded as a continuation of the original suit, within the meaning of the stipulation fixing the close of that litigation as the time when the mortgage debt should mature. See Freeman on Judgments, sec. 21 ; Hills v. Sherwood, 33 Cal., 474; Nations v. Johnson, 24 How., 195. This-suit was commenced on the 18th day of April, 1888, less than five years after the judgment rendered in the Supreme Court of the United States on Nix’s appeal. The demurrer to the defendant’s answer and cross-complaint was properly sustained, and the judgment below is affirmed.