BLAKEMORE *v.* EAGLE.

Opinion delivered January 7, 1905.

ATTACHMENT—DISPOSITION OF PROPERTY.—That a debtor has disposed of most of his property is not ground for attachment, if he did so for the purpose of paying his debts, and the proceeds thereof were so applied.

Appeals from Lonoke Circuit Court.

GEORGE M. CHAPLINE, Judge.

Reversed in part.

STATEMENT BY THE COURT.

In the year 1898 W. S. Blakemore was engaged in raising cotton and other farm products on his plantation in Lonoke County, having about 1,800 acres in cultivation. To obtain supplies to carry on his business, he executed a trust deed to Joe T. Robinson as trustee for the benefit of W. A. Gage & Company, merchants of Memphis, Tenn., from whom Blakemore obtained the larger part of his supplies for that year. The trust deed, besides certain mules, cows and other farm stock, conveyed the crop to be raised on the place by Blakemore, and which was described in the deed as follows: "The entire crop of cotton and corn that I may raise or cause to be raised and cultivated during the year 1898 on my plantation known as the Blakemore place in Lonoke county, * * * being about 1,400 acres in cotton and 400 in corn," etc.

Blakemore also obtained about $1,500 worth of supplies from Eagle & Daughtry, merchants of England, Ark. To secure this account, he transferred to them certain rent notes that were not included in the trust deed to Gage & Company. But on account of an unfavorable season for farming, or for some other reason, some of the tenants whose rent notes had

been transferred to Eagle & Daughtry abandoned the rented premises, and did not pay the rent notes, and the amount collected on these notes was not sufficient to discharge the debt, which the notes had been transferred to secure.

Afterwards in June, 1899, Eagle & Daughtry brought an action in the Lonoke Circuit Court to recover the balance due them on the account. They also filed an affidavit alleging that the defendant had sold, conveyed or otherwise disposed of his property with the fraudulent intent to cheat, hinder and delay his creditors, and, further, that he was about to sell his property for that purpose. This attachment was levied on certain cotton which had been raised on the Blakemore place, and which was claimed by Gage & Company under their deed of trust, it having been turned over to them about the time of the attachment, to be sold and the proceeds applied towards the payment of the debt which Blakemore owed them.

Robinson, the trustee, and Gage & Company filed an interplea to recover the cotton. The defendant Blakemore consented to a judgment against him for $563.34, balance due Eagle & Daughtry on their account, but he filed an affidavit controverting the grounds alleged for the attachment. On the trial of the interplea the evidence tended to show that a part of the cotton attached, though raised on the Blakemore place, was not raised by Blakemore, but was delivered to him in payment of supplies which he had furnished the tenants on the place. But the court held that all of the cotton was included in the trust deed, if grown on the place, even though it had been grown by tenants and paid by Blakemore for supplies furnished them. He therefore gave judgment in favor of the interveners for the cotton.

The issues raised by the attachment were then tried before a jury, who found in favor of the plaintiffs, and the attachment was sustained. The plaintiffs appealed from the judgment against them in favor of the interveners, and the defendant appealed from the judgment sustaining the attachment.

*Thomas C. Trimble* and *Joe T. Robinson,* for appellant.

The court erred in admitting the testimony of R. E. L. Eagle. 14 Ark. 502. The court erred in permitting improper argument of appellees' counsel. 48 Ark. 130; 44 Wis. 282; 61 Ark. 130. The court should have instructed a verdict for appellant upon the attachment. 21 Ark. 468; 24 Ark. 224; 13 Ark. 71; 8 Ark. 155; 10 Ark. 309. There was no evidence to support the verdict. 5 Ark. 640; 7 Ark. 462; 15 Ark. 540; 22 Ark. 213; 24 Ark. 224; 27 Ark. 592; 2 Ark. 360; 5 Ark. 407; 6 Ark. 86; 10 Ark. 138, 638; 10 Ark. 491; 26 Ark. 309; 39 Ark. 491. The mortgage to Gage & Co. embraced all the cotton attached. 39 Ark. 394; 32 L. R. A. 811. Delivery to the Railway Company was delivery to the interveners. 21 Am. & Eng. Enc. 611, 582; 44 Ark. 556; 43 Ark. 359; Drake, Att., § 245. Where goods are mortgaged, and afterwards intermixed with other goods, the whole mass is covered by the mortgage. 1 Am. & Eng. Enc. 58, 59. It is the duty of the court to declare the law of the case. 57 Ark. 467.

*J. H. Harrod,* for appellees.

Property not fairly included in the terms of the description will not pass by mortgage. Jones, Chat. Mort. § § 53-67.

RIDDICK, J., (after stating the facts.) The plaintiffs in this case attached certain cotton which they claimed belonged to the defendant Blakemore, and the attachment was sustained. But Robinson and Gage & Company filed an interplea claiming the right to the cotton by virtue of a trust deed from the defendant Blakemore. This contention was sustained by the circuit court, and the cotton adjudged to belong to the interveners. The two appeals in this case bring before us these two separate issues; but it is evident that the defense of the plaintiffs against the interplea rests upon the validity of their attachment, for, if they show no grounds for the attachment, they are in no position to resist the claim of the interveners. Now, we have given the evidence careful consideration, but we find nothing in it that justified the attachment. Some of the evidence might, if true, show that the defendant Blakemore was not a very skillful farmer, and that he allowed too much of his crop to go to waste in the fields; but whether or not he

was to blame in this regard is not material, for negligence or unskillfulness in farming is not a ground for attachment, and this is about all that this evidence shows against the defendant. It is true that he disposed of most of his property; but he did this for the purpose of paying his debts, and the evidence shows that the proceeds of it were used for that purpose only. We are therefore of the opinion that the judgment sustaining the attachment should be reversed, and the attachment dismissed, for the reason that there is no evidence to sustain it.

Having concluded that the attachment should be dismissed, it is unnecessary to discuss the issues arising on the interplea. As to that, we will only say that, though we are inclined to the opinion that the cotton delivered to Blakemore by his tenants in settlement **of** accounts for supplies furnished by him was not, as the court held, covered by the trust deed, yet the evidence tended to show that before the attachment was issued this cotton had been turned over to Gage & Company to be sold and proceeds applied towards the satisfaction of their debt. There was nothing suspicious about this transaction, for Gage & Company notified the plaintiffs before they moved the cotton in order to give them opportunity to test the validity of the transfer in the courts, and the evidence showed that, after all this property was sold and the proceeds applied on the debt due Gage & Company by Blakemore, a balance of several thousand dollars was left unpaid. On that issue, we think that the judgment of the court was right, and it is therefore affirmed. The judgment as to the attachment is reversed, and the attachment dismissed.