DELTA COTTON COMPANY *v.* ARKANSAS COTTON OIL COMPANY.

Opinion delivered October 22, 1906.

MORTGAGE—CROP TO BE GROWN.—A mortgage by a landlord conveying the entire crop of cotton seed to be grown during a particular year on certain described land was sufficient to convey all cotton seed grown thereon in that year by the landlord or by tenants or sharecroppers and acquired by the landlord.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; reversed.

*Ewing & Williamson,* for appellants.

1. The debt and the mortgage are admitted. The seed bought by appellee from the mortgagor were included in the mortgage to appellants.

2. Appellee was charged with notice of the existence of the mortgage from the time it was filed. Kirby's Digest, § 5396. And the lien was fixed from the time of registration. Kirby's Digest, § 5398. A mortgage of a future crop is valid. Kirby's Digest, § 5405. That appellants were not informed that Powell was selling the seed until after it had been sold is clearly shown by the evidence.

*White & Altheimer,* for appellee.

1. The deed of trust to appellants does not, with the exception of the 15 tons actually produced by Powell with hired labor, cover the seed sold by Powell to appellee. The lien in favor of the landlord upon his tenants' crops is not assignable, and does not pass to the assignee of the debt for rent. 39 Ark. 344; 36 Ark. 561; 31 Ark. 597; 37 Ark. 43; 61 Ark. 266. The landlord has not title to such crops, nor any part of them, by virtue of his lien. 24 Ark. 545. The lien is neither property nor is it a debt, but a right to have satisfaction out of property to secure the payment of debt, and is therefore not the subject of contract or sale. 31 Ark. 600. See also 63 Ark. 536; 73 Ark. 477.

2. Appellants had knowledge of the sale to appellee by Powell, and made no objection. If his statements are true, the appellant cotton company, by its failure to speak or act when it should, is estopped to assert any claim to the cotton seed or proceeds thereof. 33 Ark. 465.

*Ewing & Williamson,* for appellant in reply.

It is in proof that the crops raised on the land were cultivated by share croppers. Share croppers are not tenants in law. 34 Ark. 179. Share croppers acquire no property in the crop until it is divided. 163 Pa. 590; 2 Ariz. 210; 62 S. W. 728; 56 Pa. 172; 53 Mo. 504; 48 N. C. 61; 73 N. C. 320; 48 Ark. 264. See also 46 Ga. 583; 27 Minn. 301; 33 N. C. 12; 71 N. C. 7; 23 Am. Dec. 153.

BATTLE, J. On the 30th of March, 1904, the Delta Cotton Company and Edward Cary, trustee, instituted this suit against the Arkansas Cotton Oil Company, in the Jefferson Chancery Court, to foreclose a certain deed of trust and to recover the value of certain cotton seed. Plaintiffs alleged in their complaint that W. B. Powell, on the 30th day of January, 1903, executed to

Edward Cary, as trustee, and to the Delta Cotton Company, as a beneficiary, a deed of trust whereby he conveyed, among other things, the entire crop of cotton, cotton seed and corn grown and to be grown during the year 1903 on certain described real estate in the county of Jefferson and State of Arkansas, in trust to secure the payment of a certain indebtedness; that the deed of trust was duly acknowledged and filed for record in the recorder's office of Jefferson County, on the 30th day of January, 1903; that of the indebtedness secured by the deed of trust the sum of $8,000 now remains due and unpaid; that Powell during the year 1903 sold and delivered to the defendant cotton seed embraced within the trust deed; and that the cotton seed so sold and delivered was about ninety tons, of the value of about $1,800, and was sold on or about October 14, 26 and 30, and November 14, all in the year 1903; and that the defendant has appropriated and converted the cotton seed and the proceeds thereof to his own use and benefit, and has failed to account, on demand, to plaintiffs, or either of them, therefor.

Among other defenses which we do not consider necessary to notice, the defendant states: (1) The cotton seed mentioned was not included in the deed of trust. (2) The cotton seed was sold to it with the consent of plaintiffs.

The chancery court, upon the hearing of this cause, sustained both of the defenses, and dismissed the compaint for want of equity; and the Delta Cotton Company appealed.

The cotton seed described and conveyed to the trustee by the deed of trust executed by Powell was the cotton seed grown or to be grown during the year 1903 on the certain lands described in the deed of trust. Powell covenanted with the trustee that the seed was free from all incumbrances and charges, and that he would warrant and defend the title thereto unto the trustee, his successors and assigns, forever, against the lawful claims of all persons. The seed in controversy was grown during the year 1903, and on the lands described in the deed of trust, by tenants and share croppers of Powell, except 15 tons, which were grown by Powell, and were acquired by him, Powell, before the sale to the defendant.

In *Apperson* v. *Moore*, 30 Ark. 56, this court held, in the absence of a statute, that "where a mortgage is executed on an

80—26

unplanted crop a lien attaches in equity as soon as the subject of
the mortgage comes into existence, and in a proceeding to fore-
close will be enforced against the mortgagor and those holding
under him with record notice."

Section 5405, Kirby's Digest, provides: "All mortgages ex-
ecuted on crops planted, or to be planted, shall have the same
force and effect to bind such crops and their products as other
mortgages now have to bind property already in being." Under
this statute this court held in *Jarratt* v. *McDaniel,* 32 Ark. 598,
that a mortgage on an unplanted crop is valid at law, and the
mortgagee can maintain replevin for the mortgaged property
against a purchaser thereof for a valuable consideration, the
mortgage having been filed for record before the purchase.

In *Williams* v. *Cunningham,* 52 Ark. 439, this court said:
"It is the result of all the authorities that wherever the parties
by their contract intend to create a positive lien or charge, either
upon real or personal property, whether then owned by the
assignor or contractor or not, or, if personal property, whether
it is then *in esse,* it attaches in equity as a lien or charge upon
the particular property as soon as the assignor or contractor
acquires a title thereto under him, either voluntarily or with
notice by record."

The cotton seed in controversy was included in the deed of
trust, and was held, bound, and conveyed by it to the trustee in
trust to secure the payment of Powell's indebtedness to the Delta
Cotton Company.

The preponderance of the evidence shows that plaintiffs
or either of them did not consent that Powell should sell the seed.
The deed of trust in effect prohibits the sale of the seed by Powell.
No witness testified that plaintiffs expressly consented to the sale.
Powell testified that he inferred such consent from circumstances
which were clearly overcome by the evidence in the case.

Appellee cites *Blakemore* v. *Eagle,* 73 Ark. 477, to show
that the cotton seed in controversy was not included in the deed
of trust executed by Powell. But it does not do so. The deed
of trust involved in the case cited describes the property mort-
gaged as follows: "The entire crop of cotton and corn that *I
may raise or cause to be raised and cultivated* during the year
1898 on my plantation known as the Blakemore place in Lonoke

County, * * * being about 1,400 acres in cotton and 400 in corn," etc. The cotton in controversy in that case was raised by tenant or tenants of Blakemore, who executed the deed of trust, and not by Blakemore. The court was of the opinion that the cotton was not covered by the deed of trust. A comparison of description of the property mortgaged in the deeds of trust in the two cases will show that the case cited does not support the contention of appellee.

Reversed and remanded for decree and proceedings consistent with this opinion.