## LUNDEE *v.* TALBOT.

Opinion delivered June 24, 1907.

REPLEVIN—SUFFICIENCY OF PLAINTIFFS' TITLE.—Where A mortgaged to B all the cotton which he might raise or that might accrue to him as rent, and afterwards sold certain bales of cotton to C, it was incumbent on B, suing in replevin for such cotton, to prove that it was raised by A or accrued to him as rent, and evidence that it was either raised by A, or accrued to him as rent, or was acquired by him in some other manner, without showing how any particular part of it was acquired, was insufficient.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*Young & Rowell,* for appellants.

1. Mortgages on crops unplanted are valid in this State. 32 Ark. 598; 52 *Id.* 439; 97 S. W. 440; 35 Ark. 304.

2. All crops raised by McKenzie, or caused to be raised or grown, or that may accrue to him as rent due by cotton, money or otherwise were covered by this mortgage, and parol evidence was admissible to identify the cotton. 5 Am. & Eng. Enc. 964; 51 Ark. 410; 52 *Id.* 371. The proof sufficiently shows that the cotton was covered by the mortgage.

*Taylor & Jones* and *White & Altheimer,* for appellee.

The cotton is not shown to have been raised by McKenzie upon the S. A. McKenzie place or any other place, nor does it appear that the same had accrued to him as rent due by cotton money or otherwise. 73 Ark. 477.

HILL, C. J. B. F. McKenzie executed a mortgage to Lundee, Chapman & Company upon the following property, among other, to-wit: "The entire crops of cotton, corn, fodder, cotton seed, hay and all farm products he may raise or cause to be raised or grown during the year 1903 on lands owned by Mrs. S. A. McKenzie and known as the "Tanner Place" in said county of Jefferson and State of Arkansas, or any other lands in said county of Jefferson or any other county which he may cultivate or cause to be cultivated during said year, or that may accrue to him as rent due by cotton, money or otherwise."

McKenzie shipped twenty-four bales of cotton to J. H. Talbot & Company, commission merchants, to whom he was indebted. Shortly afterwards he died.

Lundee, Chapman & Company brought replevin for said twenty-four bales of cotton. Issue was made as to whether the property fell within the above-quoted terms of the mortgage. The court gave a peremptory instruction in the following language:

"The burden is on the plaintiff to show by a preponderance of the evidence that the 24 bales of cotton, or some part thereof in controversy herein, was raised or caused to be raised by McKenzie during the year 1903, or was received by him as rent

for that year from his tenants, and also to prove the amount and value thereof; that is to say, the amount and value of so much of said cotton, if any, as was received by him as or in lieu of rent from subtenants and the amount and value of so much thereof, if any, as was raised or caused to be raised by him, not including any cotton received by him in payment of or for supplies of money, provisions or merchandise furnished by him, McKenzie, to his own tenants or to any other persons, not in his employ; and, there being no evidence in the record from which these facts can be ascertained, the jury is directed to find a verdict for the defendant."

Was the court right in giving this instruction? To test the sufficiency of it, the testimony most strongly in favor of appellant alone should be considered, and from such testimony the following facts are developed:

McKenzie was interested in numerous places in the year 1903. These were the "Tanner (or McKenzie) Place," the "Hall Place," the "Holmes Place," the "Minor Place," the "Baxter Place," and the "Nicks Place." The Tanner, Hall and Holmes places he caused to be planted directly. From the Minor, Baxter and Nicks places he was to receive cotton by reason of having furnished supplies to the tenants and paid their rents. But in one way and another he controlled the crops grown upon these various places. The 24 bales came from the Hall, Holmes, Tanner and Minor places. This cotton received from these various places was upon several accounts. Some of it was received in payment of rent which McKenzie had paid for the tenant, and much of it was received in payment of supplies which McKenzie had furnished tenants, and part of it undoubtedly as rent to him, part directly planted by him. The plaintiffs utterly failed to show upon which account any of the bales of cotton in controversy were received. This is not a case of intermixture of cotton, for there is no proof that McKenzie intermixed any of it. The plaintiffs have simply failed to prove the source from which the twenty-four bales of cotton came. The most that they could claim under the mortgage is that all of the cotton which McKenzie may have received from direct cultivation, or which he caused to be cultivated by his tenants, or may have accrued to him as rent from his

tenants, would fall within the mortgage.   See *Blakemore* v. *Eagle,* 73 Ark. 477; *Delta Cotton Co.* v. *Ark. Cotton Oil Co.,* 80 Ark. 431.

But that which was received by him in payment of supplies which he had furnished, or in repayment of rents which he had paid for tenants, would not fall within the terms of the mortgage, either legally or equitably.   Plaintiffs have merely showed that these bales came from places more or less under the control of McKenzie; but in showing that the same witness by. whom they showed it also showed the different kinds of indebtedness of the parties from whom the cotton was received.   The court correctly summed up the evidence required to make a case and the want of the essential elements.   Judgment is affirmed.

Mr. Justice WOOD dissents.