## COX *v.* SMITH.

### Opinion delivered February 7, 1910.

1. PLEADING—GENERAL DEMURRER.—If a cause of action can be reasonably inferred from the allegations of a complaint, it is not subject to a general demurrer. (Page 373.)

2. SALE OF LAND—DAMAGES—WHEN LIQUIDATED.—A provision in a sale of land that upon a breach by the vendee a certain sum should be paid will be regarded as liquidated damages where the actual damage caused by the breach would be uncertain and difficult of proof, and the sum stipulated appears to be reasonable compensation. (Page 374.)

3. SAME—VENDOR'S LIEN.—A vendor's lien will not arise to secure the performance of an act, the nonperformance of which would make a claim for unliquidated damages. (Page 375.)

4. Same—vendor's lien.—Under a contract for the sale of land for a definite sum of money, whereof the consideration was partly paid in cash, the balance to be paid in the construction of a wall, and in the event of his failure to do so by a certain date the vendee agreed to pay the vendor the remainder of the consideration in cash, upon failure of the vendee to complete the wall by the day named the vendor is entitled to enforce his lien for the unpaid purchase money. (Page 375.)

5. Same—construction of instrument.—An instrument, styled a "title bond," whereby a vendee of land acknowledges himself to be indebted to his vendor in a sum named, and agrees that the latter shall have a lien on the land for the payment of the debt, is in effect an equitable mortgage. (Page 375.)

Appeal from Scott Chancery Court; *J. V. Bourland,* Chancellor; reversed.

*A. G. Leming,* for appellant.

The complaint states sufficient facts to constitute a cause of action, and the right at the time to maintain the action. The $300.00 was not a penalty, but an agreed amount to be paid by the erection of the wall by a certain date; and when appellee failed to deliver the wall as stipulated and at the time agreed upon, the $300.00 then became due in money and so recoverable. 14 Ark. 315-319; 54 Ark. 340; 14 Ark. 345-352; 57 Ark. 168-178. Making a deed to recite payment of the purchase money is no bar to a suit to recover it, if in fact the purchase money has not been paid. 18 Ark. 142; 21 Ark. 202. A promise to pay may be evidenced by a recital in a mortgage without a separate note or bond. 61 Ark. 115-120; *Id.* 27-29; 65 Ark. 489.

Frauenthal, J. This is an appeal from a decree of the chancery court sustaining a demurrer to the complaint and dismissing same for the want of equity. The complaint in substance and effect alleged that the plaintiff, W. R. Cox, was the owner of a block of land in the town of Waldron, Ark., containing four lots, and that on the 21st day of February, 1907, he sold one of these lots, describing same, to the defendant, H. N. Smith, for the price and sum of $550; that the defendant paid $250 of said purchase money in cash, and he agreed to pay the balance of said purchase money, towit, $300, in the following manner: the plaintiff was the owner of the lot adjoining the lot sold to defendant, and the defendant agreed to build a partition brick wall of the height of a two-story building and from 60 to 80 feet long,

at the defendant's option, so that one-half of said partition wall should stand on the lot retained by the plaintiff, and the other half on the lot sold to defendant; and that plaintiff should own and use the said one-half of said wall for a building which he might construct on his lot; and defendant agreed to complete the wall by October 1, 1908. The plaintiff at the time of the sale executed a deed to the defendant for the lot, in which the consideration is named at $250, and as paid. At the same time the defendant executed to plaintiff an instrument which is styled a bond for title, but which plaintiff alleges is a mortgage, which was duly acknowledged and recorded. The writing is as follows:

"TITLE BOND.

"Know All Men by These Presents:

"I, H. N. Smith, of Waldron, Arkansas, am held and firmly bound unto W. R. Cox, of Waldron, Arkansas, in the sum of $300, in lawful money of the United States of America; conditioned, however, as follows:

"Whereas, The said H. N. Smith has this day purchased of the said W. R. Cox part of the lot 1, block 6, in the original donation of the town of Waldron, being 27½ feet by 100 feet on the south side of said block, and has agreed to build thereon a brick house two stories high, 60 or 80 feet long, the north wall of said house to be built on the line of said lot, nine inches on one side of said line and nine inches on the other side of said line, the said wall to be built on or before the 1st day of October, 1908. Now, if the said H. N. Smith shall build or cause to be built said wall by said date, this obligation shall be void; otherwise, to remain in force and effect. Said W. R. Cox shall have a lien on said lot for the payment of said sum of $300.

"Witness my hand this 21st day of February, 1907.

"H. N. Smith."

The plaintiff alleged that the defendant had wholly failed and refused to build said wall on or before October 1, 1908, or thereafter, and had failed to pay the said three hundred dollars, the balance of the said purchase money for said lot.' He asked for a judgment for $300, and that same be declared a lien on said lot.

Did this complaint state a cause of action? If a cause of

action can be reasonably inferred from the allegations of the complaint, it is not subject to a general demurrer; if the facts stated, together with every reasonable inference therefrom, constitute a cause of action, then the demurrer should be overruled. *Murrell* v. *Henry,* 70 Ark. 161; 6 Enc. Plead. & Prac. 389; *Cazort & McGehee Co.* v. *Dunbar,* 91 Ark. 400.

By the allegations of this complaint, the plaintiff sold the lot to defendant for $550, of which a part was paid in cash, and for the balance of the purchase money the defendant was to do certain work and perform certain services for the plaintiff in the construction of a partition wall, and the value of that work and material in the construction of the wall was placed at $300, the said balance of the purchase money. It was agreed that the wall was to be completed by a specified time, and it is urged that this agreement is in the nature of a penalty or forfeiture, for which equity will not grant relief. But under the allegations of the complaint the lot was sold for a specific consideration in money, and it was only agreed that a certain and definite portion thereof might be paid in certain work to be done by a fixed time. If the work was not done or the service rendered, then the plaintiff could recover said balance in money. If the defendant failed to pay this balance, either in work or money by the day named, then it became a fixed debt due by him. *Young* v. *Harris,* 36 Ark. 162; *Nix* v. *Draughon,* 54 Ark. 340. But, if the contract should be considered to be of a nature that named a stipulated amount which defendant should pay upon its breach, it would not be a penalty but liquidated damages. The breach of the contract to build the wall would make uncertain and difficult of ascertainment the amount of damages which the plaintiff might suffer. The wall was to be a partition wall, and by the refusal of the defendant to build it or permit it to be built the plaintiff would be compelled to build a wall of the full thickness upon his own lot in order to construct a building thereon, and would thus narrow the width of his building. As is said in *Stillwell* v. *Paepcke-Leicht Lumber Co.,* 73 Ark. 432: "Usually, the surest test of liquidated damages is where the actual damages caused by the breach would be uncertain and difficult of proof, and the sum stipulated appears to be reasonable compensation." *Williams* v. *Green,* 14 Ark. 315; *Lincoln* v. *Little Rock*

*Granite Co.,* 56 Ark. 405; *Nilson* v. *Jonesboro,* 57 Ark. 168; *Young* v. *Gaut,* 69 Ark. 114.

In this case the defendant agreed to build the wall by a certain date. In event he failed to do so he agreed that he would pay the plaintiff $300. The amount named for the building of the wall was not an unreasonable compensation therefor, and the defendant had actually received from the plaintiff in payment on the lot the full consideration for the work and material he agreed to do and furnish. If this sum stipulated to be paid in the event of the non-performance of the contract on his part shall be considered in the nature of damages, then it must be held to be liquidated damages for which he is liable. Upon the failure by defendant to complete the wall by the day named the defendant became therefore indebted to plaintiff in the stipulated sum of $300. This was part of the purchase money for said lot. Now, a vendor's lien will not arise "to secure the performance of an act, the non-performance of which would make a claim for unliquidated damages." *Harris* v. *Hanie,* 37 Ark. 348; *Bell* v. *Pelt,* 51 Ark. 433; *Salyers* v. *Smith,* 67 Ark. 526.

But this is not a claim for unliquidated damages; it is a debt for unpaid purchase money, the amount of which is definitely fixed. And where such debt for the purchase money may be paid in work or services, the vendor's lien therefor does exist, and may be enforced if such work is not done or the services rendered. *Young* v. *Harris, supra; Nix* v. *Draughon, supra.*

Furthermore, the above instrument, styled a title bond, is in effect an equitable mortgage. By its terms the defendant acknowledged himself indebted to the plaintiff in a certain sum. That sum was due upon his failure to do the work and things therein named by the day therein specified. It was not in the nature of a penalty or a forfeiture; but it was a liability founded on a valuable consideration. To secure that debt, the instrument stated that the plaintiff "shall have a lien on said lot for the payment of said sum of $300." The manifest intention of the instrument was to fix a charge upon the lot for the payment of said debt. As is said by Mr. Pomeroy, "the form or particular nature of the agreement which shall create a lien is not very material, for equity looks at the final intent and purpose, rather than at the form; and if the intent appear to give or

to charge or to pledge property, real or personal, as a security for an obligation, and the property is so described that the principal things intended to be given or charged can be sufficiently identified, the lien follows. * * * The form of the contract is immaterial; if the intent appears to make any identified property a security for the fulfillment of an obligation," it will constitute an equitable lien. 3 Pom. Eq. Jur., § 1237; *Turner* v. *Watkins,* 31 Ark. 429; *Taliaferro* v. *Barnett,* 37 Ark. 511; *Bell* v. *Pelt,* 51 Ark. 433; *Williams* v. *Cunningham,* 52 Ark. 439; *Martin* v. *Schichtl,* 60 Ark. 595; *Ward* v. *Stark Bros.,* 91 Ark. 268.

We are of the opinion that the allegations of the complaint, with every reasonable inference to be drawn therefrom, set forth an indebtedness due by the defendant to the plaintiff, and that such indebtedness has matured; and that for the payment thereof he has an equitable lien upon the lot described in the complaint.

The chancellor therefore erred in sustaining the demurrer to the complaint.

The decree of the chancery court is reversed, and this cause is remanded with directions to overrule the demurrer to the complaint, and for further proceedings.