LINCOLN *v.* LITTLE ROCK GRANITE CO.

Opinion delivered June 25, 1892.

1. *Contract—Liquidated damages for delay—Parties.*

Plaintiff contracted, for an agreed sum, to build a foundation for a joint building to be erected by L. & F., and agreed that if the work was not completed by a time named he would pay them $20 for each day's delay thereafter, to be deducted from the

cost of the work. Plaintiff completed the foundation after the time named, and sued L. for his part of its cost. F. had paid his part of the cost. Defendant claimed a deduction of $10 per day for the delay. *Held:*

(*a*). Under the circumstances, the sum fixed to be deducted for delay, being reasonable in amount, constituted liquidated damages.

(*b*). Defendant's failure to claim a deduction of more than $10 per day did not prejudice plaintiff.

(*c*). The fact that F. paid his share of the cost and did not claim any deduction did not estop defendant from claiming it in a suit to which F. was not a party.

2. *Time contract—Extra work.*

Where an agreement stipulates that work shall be completed within a certain time, a subsequent agreement for extra work will not alter the contract as to the time for the completion of the work, further than to extend the time as much longer than the original contract provided as is necessary to complete the extra work.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

*W. S. McCain* for appellant.

1. The court erred in its instructions to the jury. Mans. Dig. secs. 4944–8, 5028, 5031; 30 Ark. 399; 44 *id.* 486; 54 *id.* 525.

2. The first four instructions refused were based on 14 Ark. 315; 5 Mich. 123. A sum may be agreed on as liquidated damages. For a failure to perform work, the amount may be fixed in the contract. 1 Suth. Dam. 471; Sedg. Dam. 489; Wood's Mayne on Dam. 157; 14 Ark. 315; 54 Ark. 141.

*Caruth & Erb* and *Eben W. Kimball* for appellee.

HUGHES, J. The complaint is as follows: "The plaintiff states that the Little Rock Granite Company is a corporation duly established by the laws of Arkansas, and on the 10th day of October, 1889, and theretofore, the Arkansas Granite Company was a corporation duly established by the laws of said State. That on said date the defendant was justly indebted to the Arkansas Gran-

ite Company in the sum of $1310.32 for work done and materials furnished by it for the defendant, at his special instance and request, and according to the account hereto attached and made part of this complaint, and to balance the same payment was then duly demanded of the defendants and refused. That thereafter said Arkansas Granite Company duly assigned, for value received, said claim and demand to the plaintiff, Zeb Ward, who, for value received, duly assigned the same to the Little Rock Granite Company, who now holds and owns the same. That by reason of the premises the defendant is indebted to said Little Rock Granite Company in the sum of $1310.32 and interest thereon. Wherefore it asks judgment," etc.

To the above complaint the defendant filed this answer:

"Comes the defendant, Lincoln, and for answer to the complaint says the plaintiffs furnished material and did work for the defendant as set out in the complaint, and the prices are correctly stated in the plaintiff's bill of particulars, but defendant denies that he is indebted to the plaintiffs therefor in a greater sum than $610, which sum he has always been and is still ready and willing to pay. The remaining $700 is unjust, and defendant owes no part thereof, because he says that the materials and the work and labor sued for were furnished and done under a contract in writing, made on May 28, 1889, in these words:

" 'This contract is to show that the Fones Brothers Hardware Company and C. J. Lincoln have employed the Arkansas Granite Company to build a stone foundation for a store and warehouse on Main street, Little Rock. Said Granite Company are to furnish all material and do the work in a good, workmanlike manner, in accordance with the specifications made out by Thomas Harding, architect. * * * And as compensation for

said work and material said Fones Hardware Company and C. J. Lincoln agree to pay said Granite Company $4.75 per cubic yard, according to measurements to be made by said architect. * * * (Here follow details as to measurements, payments, etc.) The remainder of the price is to be paid when the work is done. The Granite Company are to complete the foundation for what is designated as the Fones part of the building in four weeks from this date, and the remainder (or Lincoln part) in six weeks from this date. The stone material for the superstructure is to be delivered as needed by the contractor and workmen and to be paid for as used. If the Granite Company fail to complete the foundation within the time stipulated, or if they fail to furnish other stone material as needed from time to time for the super-structure, then they are to pay Lincoln and the Hardware company $20 per day for every day's delay over and above the time stipulated, and this amount may be deducted from any part of the price of the work or material remaining unpaid, but this payment for delay shall not continue longer than is necessary to procure the work to be done by other parties ; and if said Hardware Company and Lincoln procure the work, in case of delay, to be done by other parties, then the said Granite Company are to hold them (said employers) harmless from any loss from having to pay such parties more than the price herein contracted for.'

"Said Lincoln and said Hardware Company fully complied with all the stipulations and requirements of said contract. Said Arkansas Granite Company failed and neglected to complete the Lincoln part of the foundation of said building within six weeks of the date of said contract, but delayed and procrastinated the work thereon for a period of seventy days, by which delay defendant was damaged, and is entitled to a deduction of $700 therefor. And the said Granite Company refused

to furnish the stone for the the superstructure, but for this plaintiff only asks a deduction of one dollar."

Defendant also demurred to the complaint.

To this answer plaintiff filed a reply denying the delay and denying damage, and excusing delay by extra work and material, and by delay of defendant.

A jury trial was had on the issues, and plaintiffs obtained a verdict and judgment for the full amount sued for, with interest, $1399.

Evidence was adduced to the jury tending to show that under this contract the Arkansas Granite Company, soon after its execution, had undertaken to construct, and that they had finally completed the construction of, a stone foundation for the store and warehouse of the defendant, and that the same was done by the said company in accordance with the specifications.   But the evidence also tended to show that the work was not finished until about the 12th day of September, 1889, being about sixty-five days after the expiration of the six weeks mentioned in the contract.   There was also evidence tending to show that there was difficulty in obtaining stone masons, and that the Granite Company pushed the work as rapidly and finished it as soon as it could be done. Also that the contract was taken at a price that proved to be much below the real cost of executing the work.

Defendant's counsel announced that his election to reduce damages from $20 to $10 per day for the delay was a matter of grace.   Defendant offered to introduce evidence to show the rental value of the buildings, the foundation of which is the subject of this controversy, but stated to the court that he claimed that the provision for $20 a day was not a penalty, but liquidated damages, and that he offered the evidence to show that the $20 per day was not unreasonable, but plaintiff and his counsel objected to any evidence on this subject.   And the court refused to allow the witnesses to testify on this

point as the defendant claimed that the damages were liquidated, to which refusal defendant at the time excepted. There was also testimony offered on behalf of the plaintiff, tending to show that the plan of the work had been changed in certain particulars, and that by the caving of the earth the work of laying the foundation had been delayed for the time above named. There was also testimony tending to show that, upon the estimates made by the architect, the Fones Brothers Hardware Company had paid up the amount estimated for their part of the foundation, without making any demand or setting up any claim for damages for delay under the contract. When the defendant offered the contract between the Granite Company and the Fones Hardware Company and C. J. Lincoln in evidence to show that the plaintiff had agreed to pay Lincoln $20 per day, or any sum, as liquidated damages for each day's delay, the plaintiff objected because said contract was not between the Granite Company and Lincoln alone, but was an entire contract between the company and the Fones Hardware Company and Lincoln jointly, and as the Fones Hardware Company was not a party to this suit, the contract was not evidence to sustain the defendant's claim.

The evidence being closed, the defendant asked the court to give the jury the following instructions :

" 1. Where a building contractor agrees to do a piece of work in a given time, and the contract fixes an amount which he is to pay the employer in case of his failure to do the work within the time fixed, this constitutes liquidated damages ; and if the contractor in such case violates his contract without fault of the employer, the contractor must pay the amount fixed by the contract."

" 2. The $20 per day called for by the contract in this case is not a penalty, but is intended as liquidated damages."

"3.    If Lincoln and the Fones Brothers Hardware Company were guilty of no default in carrying out their contract, and if the Granite Company did not do the work in the time fixed, then Lincoln is entitled to deduct from the contract price $10 per day for whatever delay there was on the part of the Granite Company in completing the work within the time fixed by the contract."

"4.    The fact that the Hardware Company may have paid out the amount claimed for the work done on their part of the building does not estop Lincoln from claiming a deduction in this case, if he has shown himself entitled to any under the contract."

"5.    Although extra work may be done by the contractor in the progress of his work, this does not do away with the provisions of the contract already in force, any farther than it is necessarily varied by the agreement for extra work."

"6.    The fact that the Hardware Company were joint makers of the contract with Lincoln does not deprive Lincoln of his right in this suit to deduct any liquidated damages due him, if he has shown himself entitled to any."

The court refused to give any one of the instructions thus asked, and to the refusal of the court to give these instructions, and each of them, defendant at the time excepted.    The court then, against defendant's objections, gave to the jury the following instruction :

"The defendant, Lincoln, is not entitled to claim any damages in this suit for delay in executing this contract, the Fones Hardware Company not being parties to the suit, and they being necessary parties in an action such as is set out in the counter-claim."

The court having overruled defendant's objection to this instruction and given it against his objection, defendant at the time excepted.    The case was then submitted to the jury without argument, and the jury returned a verdict for the plaintiff in the sum of $1399.    On the

next day the defendant filed a written motion for a new trial, in words and figures following, to-wit:

"Comes the defendant and moves the court to set aside the judgment in this case, and grant him a new trial for the following reasons:

"1. Because the court erred in refusing to allow testimony as to the rental value of the buildings.

"2. Because the court erred in refusing to give the six instructions asked by the defendant, and in refusing to give any one of them.

"3. Because the court erred in giving to the jury the instruction which it did give against the defendant's objection."

The court, on consideration, overruled the motion for a new trial, to which ruling of the court defendant at the time excepted and appealed.

The plaintiff stated in his brief that "when the defendant offered the contract between the Granite Company and the Fones Hardware Company and C. J. Lincoln in evidence to show that the plaintiff had agreed to pay Lincoln $20, or any sum, as liquidated damages for each day's delay, the plaintiff objected because said contract was not between the company and Lincoln alone, but was an entire contract between the company and the Fones Hardware Company and Lincoln jointly; and as the Fones Hardware Company was not a party to this suit, the contract was not evidence to sustain the defendant's claim." He also states that the contract named in the defendant's answer was not in evidence. The contract was copied in the answer of the defendant, and the copy was admitted by the plaintiff to be a correct copy of the contract under which the work was done. The bill of exceptions shows that the defendant offered it in evidence, but there is no statement or showing in the bill of exceptions that it was excluded. We conclude, . therefore, that it was considered in evidence. In the

instruction given by the court to the jury the court told the jury that "the defendant Lincoln is not entitled to claim any damages in this suit for delay in executing this contract." This shows that it was not excluded, but was in evidence.

As an abstract proposition of law the first instruction refused is erroneous. Suppose, to illustrate, that the contract had provided that, upon failure to complete the work in a given time, for every day's delay the contractor should pay $200. Under this instruction, however unreasonable and disproportionate the amount fixed to be paid might be to the damages, the contractor would have it to pay, though it might really have been intended by the parties as a penalty, and not as liquidated damages.

We find no error in the second instruction asked for by the defendant, and think it was error to refuse it. We think that the court ought to have inferred, from the contract in this case, that the $20 per day were intended, not as a penalty, but as liqudated damages, for which it seems the parties had a right to contract. "Where the damages are at all uncertain or unliqui- dated, the parties ought to be allowed to anticipate and stipulate them if they choose to do so." *Williams* v. *Green*, 14 Ark. 328 ; *Texas & St. L. Ry.* v. *Rust*, 19 Fed. Rep. 239.

The third instruction refused could not have pre- judiced the appellee, and should have been given. The failure of the appellant to claim more than $10 per day for each day's delay in completing the contract could not have injured the appellee.

There was no error in the fourth instruction asked for and refused.

The fifth instruction refused was substantially cor- rect. It might have been framed so as to state more clearly that the agreement for extra work did not alter

the contract, as to the time for the completion of the work, further than to extend the time as much longer than the original contract provided as was necessary to do the extra work.

The sixth instruction refused should have been given. The contention that the appellant, Lincoln, could not defeat the appellee's right to recover the contract price, to the extent that he had sustained damages by its failure to perform its contract, because the appellee had sued him alone, cannot, in the opinion of the court, be maintained. If two or more parties sued jointly may defeat the plaintiff's right to recover in a case of this character, either party sued separately may do so. The plaintiff could not cut off the defendant's defense by suing only one of the parties to the contract.

It follows from what has been said that the instruction given by the court was erroneous.

The court erred in refusing to give the second, third, fourth, fifth and sixth instructions asked for by the defendant.

The judgment is reversed, and the cause is remanded for a new trial.