CYNTHIA ELLEN CREEL v. W. T. CORDON.

Decided November 30, 1906.

**Sale of Liquor to Minor—Good Faith—Charge.**

Under our statute the defense of good faith in a sale of intoxicating liquor to a minor must be sustained by proof not only that the seller believed the minor to be of full age, but that there was reasonable grounds for such belief, and the court should so charge the jury. Evidence considered, and held insufficient to support a finding for the defendant.

Appeal from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*Thompson & Henderson* and *J. R. Jeter,* for appellant.—The court misdirected the jury as to the law, as said charge states, "if the defendants acted in good faith and believed said Ed. Creel to be an adult and 21 years of age, then to find for the defendants," while the law is, that the defendants in case of a sale would be liable unless "the sale is made in good faith with the belief that the minor was of age, and there is good grounds for such belief." Rev. Stats., art. 5060g; Lee v. Hamilton, 12 Texas, 419; Byrnes v. Morris, 53 Texas, 219.

*Brockman & Kahn,* for appellees.—The defendant Cordon plead that if the sale was made, that he made the same in good faith, with the belief that the minor son of appellant was over the age of 21 years. And appellee Cordon testified that "if Eddie Creel had come into my place, as he stated he did, and asked for a drink, my judgment would have been, from his appearance, that he was over 21 years of age. Waul v. Hardie, 17 Texas, 557; Patton v. Rucker, 29 Texas, 406; Underwood v. Coolgrove, 59 Texas, 170; Parker v. Chancellor, 78 Texas, 528; McGowan v. International & G. N. Ry. Co., 85 Texas, 292.

GILL, Chief Justice.—Cynthia Ellen Creel, as the mother of her minor son, sued W. T. Cordon, a retail liquor dealer, and the sureties on his bond, to recover the statutory penalty of $500 for selling whisky and beer to her minor son. Cordon defended by general denial and a special plea that if the sale was made as alleged it was done in good faith in the belief that the minor was of full age. Upon a hearing there was a judgment for defendants and the plaintiff has appealed.

Evidence was adduced at the trial tending to show that Cordon at a time certain had sold liquor to plaintiff's son. That he was a minor seems undisputed, and that at the time of the trial he was only about 17 years old seems not to have been challenged. The appellees adduced witnesses who testified unqualifiedly that they were in defendant's place of business on the occasion alleged and that the minor did not enter the place the entire evening and that nothing was sold him by Cordon or any one for him. Equally explicit was Cordon's testimony denying any sale to the minor. He added that he had known the minor for about fifteen months, and that if the minor had sought to buy liquor from him he would have supposed him 21 years of age as he had been under his own control for about a year, but that nevertheless he would not have sold him liquor without first asking him his age.

Upon this testimony alone the trial court submitted the issue of a sale in good faith. This is complained of as error and we think the complaint is just. Under the statute the defense of a sale in good faith must be sustained by proof not only that the seller believed the minor to be of full age but there must have been reasonable ground for such belief.

Under the law as it formerly was the obligation of the liquor dealer not to sell to minors was held absolute, and no amount of good faith was admitted as a defense. Thus the law stood for years. The Legislature was finally induced to admit the defense of a sale in good faith, but were careful to impose the condition that the good faith must have reasonable basis in fact.

We can not escape the conclusion that proof that falls short of this last element does not present the issue, and the court erred in submitting it. The court also erred in another respect complained of. The jury were instructed that if the sale was made in good faith the defendant would not be liable and they would so find. The error consists in the omission of the requirement that in order to discharge defendant on this ground they must find that there were reasonable grounds to believe the minor was of age.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*