## WESTBAY *v.* TERRY.

### Opinion delivered May 13, 1907.

CONTRACT—STIPULATED DAMAGES.—When two persons entered into an executory contract for the exchange of land, for the faithful performance of which contract each bound himself to the other in the "penal" sum of one hundred dollars, and each executed to the other a promissory note for the above amount, the notes are analogous to a deposit of money for the faithful performance of the contract, and should be treated as agreements for stipulated damages, and not as penalties.

Appeal from Monroe Circuit Court; *George M. Chapline,* Judge; affirmed.

#### STATEMENT BY THE COURT.

This is a suit by appellee against appellant on the following note:

"$100.00.            BRINKLEY, ARK., June 3d, 1902.

"On or before January first after date I promise to pay to the order of P. E. Terry the sum of one hundred dollars, value received.

      [Signed]           "JOHN A. WESTBAY,
                              "JOHN GAZZOLA."

The defense is that the note was given as a penalty upon appellant if he failed to comply with the contract in evidence as follows:

"This agreement made and entered into this 3d day of June, 1902, by and between P. E. Terry and J. A. Westbay,

"Witnesseth: That said P. E. Terry has this day agreed to give what is known as the 'George Yancey Place,' situated

in the east half of the east half of block two (2) in Howard's addition to the city of Brinkley, a lot or plot of ground 126 feet fronting on Pine Street and running back north 116 1-2 feet, and $475.00 in cash in exchange for the west half of the west half of block twenty (20), each including all the houses now situated thereon, in said city of Brinkley, the property of S. S. Westbay.

"The said J. A. Westbay hereby agrees and binds himself, his heirs, executors and administrators and assigns, firmly by these presents that he will execute to said P. E. Terry a good and sufficient deed with warranty of title to the aforesaid west half of the west half of block twenty (20) with all the appurtenances thereunto belonging, in the consideration of which the said P. E. Terry agrees and hereby binds himself, his heirs and executors, administrators and assigns, that he will execute to the said J. A. Westbay a good and sufficient deed with warranty of title to the said 'George Yancey Place' described as aforesaid; each of said deeds to be made as soon after the sale and confirmation thereof of the Yancey Place under the order of the probate court of Monroe County, Arkansas, as possible.

"For the faithful observance of the aforesaid agreements the said P. E. Terry and J. A. Westbay each binds himself to the other in the penal sum of one hundred dollars ($100), for which each of the said parties has this day executed to the other his promissory note, to be paid if either party fails or refuses to execute said deed as aforesaid. In witness hereof we hereunto set our hands and seal this 3d day of June, 1902.

"Signed in the presence of ..................

"P. E. TERRY, M. D.<br>"JOHN A. WESTBAY."

Appellee testified, identifying the note and contract set out, and introduced same in evidence. Appellee says he tendered the money and a warranty deed to the property called for by the contract, and that appellant refused to accept same. There was evidence to the effect that appellant sold to another the land he was to convey to appellee for $550, and evidence to the effect that appellee sold to another for $4,400 the land he was to convey to appellant, Westbay, under the contract. Appellee of-

fered to prove the damage he had sustained by reason of the
failure of appellant to carry out the contract, but the court at
the request of appellant refused to admit the evidence. Upon
the refusal of appellant, John Westbay, to make warranty deed
of the lands he was to convey under the contract, appellee in-
stituted this suit. The court, at the request of appellee, in-
structed the jury as follows:

"1. The court instructs the jury that the plaintiff, by the
terms of the written contract introduced in evidence in this case,
agreed to convey certain real estate mentioned therein to the
defendant, John Westbay, and the defendant, executed a note,
signed by himself and John Gazzola, for $100. Said note was
stipulated damages to be paid to the plaintiff in the event of
failure on the part of the defendant to accept money and deed
to the land mentioned in the contract and pay for same in the
manner mentioned in said contract; and if you find from the
evidence that the plaintiff tendered said deed and money in ac-
cordance with the terms of said contract, and the defendant
refused to accept the same and refused to pay for said land ac-
cording to the terms of said contract by conveying to plain-
tiff land mentioned in said contract, then, and in that event,
the plaintiff is entitled to recover in this action the amount of
the note sued on.

"If you find from the evidence that the plaintiff did not
comply with his part of the contract, then he would not be en-
titled to recover in this action, and your verdict would be for
the defendants."

The court refused, at the request of appellant, to instruct
the jury that under the proof the contract and note sued on is
in the nature of a penalty, and not liquidated damages, and re-
fused to instruct to find for appellant. Appellant excepted to
the ruling of the court in giving and refusing instructions. The
verdict was for appellee in the sum of $100. Judgment was
entered accordingly. After appellant's motion for new trial was
overruled, this appeal was duly prosecuted.

*M. J. Manning,* for appellants.

If the note was given as a penalty or forfeiture in the
event of appellant's failure to comply with the contract, there
can be no recovery; and "the test of liquidated damages is where

the actual damage caused by the breach would be uncertain and difficult of proof, and the sum stipulated appears to be reasonable compensation for the injury occasioned by the failure to perform the contract." 73 Ark. 432, 436. Whether the sum is to be regarded as a penalty or liquidated damages is a question of intention, to be determined from the language of the instrument. 35 N. J. Law (6 Vroom), 151; 63 N. H. 171; 11 Tex. 273; 47 Ill. App. 253; 94 Ia. 680. Using the term penalty or forfeiture, as in this case, implies a penalty and not liquidated damages, and the courts lean towards that construction. 52 U. S. 461; 9 Ia. 265; 109 Ind. 564; 20 U. S. 13; 21 Mass. 178; 4 Ia. 1; 95 Mass. 19. Where it is doubtful whether the sum mentioned in a contract was intended as stipulated damages or a penalty to cover actual damages, the sum will be held to be a penalty. 11 Fed. 118; 25 Tenn. 186. See also 55 Ark. 381; 57 Ark. 168; 106 Fed. 385; 31 Mo. 49.

*C. F. Greenlee,* for appellee.

The principles of law announced by this court in 14 Ark. 315 are especially applicable in this case, and the opinion in that case is a complete answer to and refutation of appellant's contention here.

Wood, J. (after stating the facts.) The only issue in the case is whether or not the amount specified in the contract for which the note was executed was intended by the parties to the contract as a penalty or as liquidated damages. In the early case of *Williams* v. *Green,* 14 Ark. 315, this court treated the subject under consideration most exhaustively. We could not hope to elucidate the question more thoroughly than has been done by Chief Justice WATKINS in that case. Among other things he said: "Where the damages are at all uncertain or unliquidated, the parties ought to be allowed to anticipate and stipulate them if they chose to do so. Whenever courts attempt to make a distinction among contracts of this class, where no uniform or intelligible rule can be laid down to govern the distinction, they not only assume a most vexatious jurisdiction to reform the contracts of weak or sanguine men, but it tends to impair the confidence which all men ought to have in the obligation of contracts." "The truth is," says the court, through Judge WATKINS, "the real object of every stipulation for conse-

quential damages is to secure the performance of the contract itself, and, but for the confusion of terms, it would be proper to say that covenants to pay a certain amount of damages for breach of any undertaking have, to the extent that they are allowable, taken the place of penalties." The fact that the contract stipulated that "each binds himself to the other in the *penal sum of one hundred dollars"* can not determine that the sum was intended as a penalty. The fact that it is called a "penal sum" does not make it so in legal contemplation. The fluctuations in the market values of lands, and the contingencies likely to arise in almost every negotiation concerning real estate, which might cause or hinder the sale thereof, render the question of the damages caused by a failure to perform a contract for the exchange of same so indeterminable and uncertain as to be a proper subject for the parties in advance to liquidate by contract. The note, in this case, assuming that the parties are solvent, is analogous to a deposit of money for the faithful performance of the contract. It was signed by Gazzola as security. Where there is a deposit of money in pursuance of a stipulation in a contract that the amount so deposited shall be retained by the party who is not in default, such a provision and arrangement is generally construed to be a liquidation of damages. *Lea* v. *Whitaker,* L. R. 8 C. P. 70, 21 W. R. 230; *Wallis* v. *Smith,* L. R. 21 Ch. Div. 243; 19 Enc. Law (2nd Ed.) 413. But this doctrine does not apply where a sum of money is deposited or stipulated to be paid in the event of failure to pay a smaller sum contracted to be paid. In such cases the inflexible rule is to treat the sum deposited, or stipulated to be paid, in case of failure to pay the lesser sum, as a penalty. *Haldeman* v. *Jennings,* 14 Ark. 330.

Applying the principles announced in *Williams* v. *Green, supra,* and other cases, we are of the opinion that the court correctly construed the contract concerning the subject-matter of the controversy, and did not err in its ruling upon the instructions. See *Lincoln* v. *Little Rock Granite Co.,* 56 Ark. 405; *Wilson* v. *Jonesboro,* 57 Ark. 169; *Stillwell* v. *Paepcke-Leicht Lumber Co.,* 73 Ark. 432.

Judgment affirmed.